IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ORLANDO LARRY,

                Petitioner,                OPINION and ORDER

   v.

                                                         13-cr-130-bbc

UNITED STATES OF AMERICA,            22-cv-477-jdp

                Respondent.

---

      Petitioner Orlando Larry was found guilty of nine drug offenses by a federal jury. In 2014, he was sentenced to a 20-year term of imprisonment to be followed by four years of supervised release. Before the court is Larry's third motion brought under 28 U.S.C. § 2255 to vacate his sentence. Dkt. 1. This court denied Larry's first motion on the merits, *see* 18-cv-278-bbc, Dkt. 25, and the court of appeals declined to issue a certificate of appealability, No. 18-3412 (7th Cir. May 29, 2018). This court dismissed Larry's second motion because it was an unauthorized successive collateral attack on his sentence. *See* 21-cv-44-bbc, Dkt. 2. Larry then asked the court of appeals for leave to file a new motion; that request was denied. *See* Dkt. 1-2. He followed with this motion.

      A convicted person may not file a second or successive motion for post-conviction relief unless he obtains certification from the court of appeals that his new motion contains either (1) newly discovered evidence or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). An unauthorized successive petition must be dismissed for lack of jurisdiction. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018). Here, the court of appeals expressly denied Larry's application to file another § 2255 motion. Dkt. 1-2. Larry states that he has asked the court of appeals to

reconsider that decision. Dkt. 1, at 10. But because Larry has not obtained the necessary certification to file a successive motion, I must dismiss his third motion to vacate his sentence.

Under Rule 11 of the of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. I cannot issue a certificate of appealability unless a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because Larry did not obtain approval from the court of appeals, I must dismiss his motion for lack of jurisdiction. Reasonable jurists would not disagree about this outcome, so I will not issue Larry a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Orlando Larry's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, Dkt. 1, is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals, pursuant to Federal Rule of Appellate Procedure 22.

Entered October 25, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge